UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff(s),<br>v.<br>MATHEW ASPATORE,<br>    Defendant(s). | Case No.: 2:18-cr-00418-RFB-NJK<br><br>**ORDER**<br>[Docket No. 52] |

On July 10, 2020, an Assistant United States Attorney emailed the law clerks within the undersigned's chambers regarding his interpretation of a standing order and to advise as to when the Government intended to make a filing. Given this clear violation of the local rules, the Court issued an order admonishing the AUSA. Docket No. 50.

Now pending before the Court is the Government's motion to reconsider, which seeks to remove the AUSA's name from that previous order. Docket No. 52. The Government explains therein that the AUSA was confused in that he had been instructed by the Criminal Chief to email the "court clerk," which the Criminal Chief meant as a reference to the "courtroom deputy,"[1] but which the AUSA construed to mean "law clerk." *Id.* at 3. The Government further explains that the local rules permit non-substantive communications with a courtroom deputy regarding "scheduling." *See id.* at 4.

---

[1] The motion insinuates that the "court clerk" and the "courtroom deputy" are one in the same. *Id.* at 3. They are not. *See, e.g.*, Local Rule IA 1-3(b) (defining "Clerk of Court").

1

This explanation is not compelling. One would expect every federal prosecutor to understand who a "law clerk" is.[2] One would also expect every federal prosecutor to understand that speaking with a law clerk is the functional equivalent of speaking with that law clerk's judge. *E.g.*, *Oliva v. Heller*, 670 F. Supp. 523, 526 (S.D.N.Y. 1987) ("Law clerks are simply extensions of the judges at whose pleasure they serve"). Regardless of the word choices within the office identified above, it should be obvious that an AUSA should not be emailing a law clerk about a pending motion in an open case. *E.g.*, Local Rule IA 7-1(b).[3]

In light of the above, the pending motion falls well short of satisfying the applicable standards for reconsideration. Nonetheless, the Court retains the inherent authority to modify its interlocutory orders. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). The Court takes the Government at its word that it has rectified the issues identified. As a <u>one-time courtesy</u>, the Court will modify the underlying order to remove reference to the AUSA's name. Consistent herewith, the motion to reconsider is **GRANTED**.

IT IS SO ORDERED.

Dated: July 16, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] AUSAs are in a unique position in that they do engage in communications with chambers staff, including law clerks, with respect to criminal duty matters. The nature of judicial oversight of criminal investigations necessitates those *ex parte* communications; the scope of permissible *ex parte* discussion does not extend to pending motions in open criminal cases.

[3] The characterization of the email as addressing a "scheduling" matter is off the mark. True enough that an AUSA can contact a courtroom deputy to advise that, for example, a hearing in one courtroom has run long and that will impact the AUSA's ability to attend a hearing in another courtroom. *See* Local Rule IA 7-2(c). The Court does not view a communication regarding the interpretation and application of an order to be a "scheduling" issue.